IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

PATRICIA A. KOLLER                                                    PLAINTIFF
317 Heritage Hill Trail
Louisville, Kentucky 40223


                                        Case No. 3:17-CV-286-CRS

v.

                                        Judge Charles R. Simpson


JPMORGAN CHASE BANK, N.A.                                             DEFENDANTS
d/b/a CHASE
270 Park Avenue
New York, New York 10017

            SERVE:      Jamie Dimon, Chairman, Board of Directors
                        270 Park Avenue
                        New York, New York 10017
                        (BY KENTUCKY SECRETARY OF STATE)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

            SERVE:      CSC-Lawyers Incorporating Service Co.
                        421 W. Main Street
                        Frankfort, Kentucky 40601
                        (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

      SERVE:      The Prentice Hall Corporation System
                      421 W. Main Street
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:      CT Corporation System
                      306 W. Main Street, Suite 512
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Patricia A. Koller, by counsel, and for her Verified Complaint against the Defendants, JPMorgan Chase Bank, N.A. d/b/a Chase ("Chase"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

1.    This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. and the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), arising out of Chase's false reporting to Equifax, Trans Union and Experian, of an alleged delinquent debt, and Chase's, Equifax's, Trans Union's and Experian's failure to investigate Plaintiff's disputes of Chase's credit reporting and Defendants' failure to correct

Chase's false reporting on Plaintiff's Equifax, Trans Union and Experian credit reports.

## II. PARTIES

2.    Plaintiff, Patricia A. Koller, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 317 Heritage Hill Trail, Louisville, Kentucky 40223.

3.    Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.    Plaintiff is an "obligor" as that term is defined in the TILA, 15 U.S.C. §1666.

5.    Defendant, Chase, is a national banking association doing business in the Commonwealth of Kentucky with its principal place of business at 270 Park Avenue, New York, New York, 10017.

6.    Chase is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

7.    Chase is a "creditor" as that term is defined by the TILA, 15 U.S.C. §1602g.

8.    Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

9.    Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

10.    Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

11.    Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

3

12.     Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

13.     Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

14.     Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

15.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

16.     Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III.  JURISDICTION

17.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to the TILA 15 U.S.C. §1640(e); (3) pursuant to 28 U.S.C. §1331; and (4) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

## IV.  FACTUAL BACKGROUND

18.     In or around April 2002, Plaintiff opened a credit card account with Chase.

19.     In or around August 2015, Chase charged off Plaintiff's credit card debt in the amount of $8,950.00, presumably Plaintiff's remaining balance on the credit card, pursuant to 26 U.S.C. § 6050P(b)(2)(G).  Upon information and belief, Chase contemporaneously filed the Form 1099-C with the Internal Revenue Service.

4

20.     Pursuant to the 1099-C forms forwarded to Plaintiff by Chase, Plaintiff claimed the forgiven and discharged Chase debt as income during the 2016 tax year.

21.     In January 2017, Plaintiff, while in the process of seeking home mortgage financing, accessed her Equifax, Trans Union and Experian credit reports and discovered derogatory tradelines furnished by Chase referencing Plaintiff's alleged Chase credit card debt. Equifax, Trans Union and Experian reported the alleged debt, forgiven and discharged by Chase in June 2013, as "past due" and owing to Chase.

22.     Immediately upon discovering Chase's false and derogatory tradelines, Plaintiff filed disputes with Equifax, Trans Union and Experian regarding the inaccuracy of the Chase tradeline given Chase's 2013 forgiveness and discharge of the alleged debt.

23.     Upon information and belief, Equifax, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Chase of the disputes at or within five (5) days of Equifax's, Trans Union's and Experian's receiving notice of the disputes from Plaintiff.

24.     In July 2016, Chase, Equifax, Trans Union and Experian verified the alleged past due Chase accounts.

25.     Despite Plaintiff's lawful request for removal of the disputed items pursuant to the FCRA, Chase, Equifax, Trans Union, and Experian failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit reports.

26.     Upon information and belief, Chase, Equifax, Trans Union, and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Chase's, Equifax's, Trans Union's and Experian's receipt of Plaintiff's disputes.

27.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied

credit and/or have been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due account.

## V. CLAIMS

### Negligence – Chase

28.     Plaintiffs hereby adopts and incorporates the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29.     Chase's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union, and Experian regarding the alleged past due account was negligent under applicable law.  In failing to investigate Plaintiff's disputes and in falsely reporting the alleged past due account, Chase breached its duty to Plaintiff to report accurate information regarding Plaintiffs's credit history and acted with conscious disregard for Plaintiff's rights.

30.     Chase's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union and Experian regarding the alleged past due account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

31.     Chase's failure to investigate Plaintiff's disputes and its false reporting to Equifax, Trans Union and Experian regarding the alleged past due account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

32.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33.     Equifax's failure to investigate Plaintiff's disputes and its failure to remove and/or amend Chase's false report of Plaintiff's alleged past due Chase account from Plaintiff's Equifax

6

credit reports, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent. In failing to investigate Plaintiff's disputes and in failing to remove and/or amend the Chase tradelines, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights. Equifax's negligent failure to remove Chase's alleged past due account from Plaintiff's Equifax credit reports has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

34.     Equifax's failure to investigate Plaintiff's disputes and its failure to remove and/or amend Chase's tradelines on Plaintiff's credit reports, despite Plaintiff's lawful notices to Equifax of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – Trans Union

35.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36.     Trans Union's failure to investigate Plaintiff's disputes and its failure to remove and/or amend Chase's tradelines on Plaintiff's Trans Union credit reports, despite Plaintiff's lawful notices to Trans Union of the falsity of the reports, was negligent. In failing to investigate Plaintiff's disputes and in failing to remove and/or amend Chase's tradelines, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

37.     Trans Union's negligent failure to investigate Plaintiff's disputes and to remove and/or amend Chase's tradelines on Plaintiff's Trans Union credit reports has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and

embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

38.    Trans Union's failure to investigate Plaintiff's disputes and to remove and/or amend Chase's tradelines on Plaintiff's Trans Union credit reports, despite Plaintiff's lawful notices to Trans Union of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – Experian

39.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40.    Experian's failure to investigate Plaintiff's disputes and to remove and/or amend Chase's tradelines on Plaintiff's Experian credit reports, despite Plaintiff's lawful notices to Experian of the falsity of the reports, was negligent.  In failing to investigate Plaintiff's disputes and to remove Chase's tradelines from Plaintiff's Experian credit reports, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

41.    Experian's negligent failure to investigate Plaintiff's disputes and to remove and/or amend Chase's tradelines on Plaintiff's Experian credit reports has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

42.    Experian's failure to investigate Plaintiff's disputes and to remove and/or amend Chase's tradelines on Plaintiff's Experian credit reports, despite Plaintiff's lawful notices to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

8

**Defamation – Chase**

43.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44.     Chase, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, and Experian, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax, Trans Union, and Experian credit reports, that Plaintiff has a past due account with Chase. Chase's statements were false and were made with conscious disregard for the rights of the Plaintiff.

45.     Chase's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Chase account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

**Defamation – Equifax**

46.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Chase, and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a past due account with Chase. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

48.     Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Chase account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

9

## Defamation – Trans Union

49.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50.     Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Chase, and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a past due account with Chase. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

51.     Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Chase account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Experian

52.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53.     Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Chase and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a past due account with Chase. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

54.     Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Chase account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Chase

55.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

56.     Chase's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged past due Chase account are violations of Chase's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

57.     Chase's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Chase is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

58.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 57 as if fully set forth herein.

59.     Equifax's failure to investigate Plaintiff's disputes and to remove and/or amend the disputed Chase tradelines on Plaintiff's Equifax credit reports despite Equifax's knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

60.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit reports within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

61.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

62.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

63.     Trans Union's failure to investigate Plaintiff's disputes and to remove and/or amend the disputed Chase tradelines on Plaintiff's Trans Union credit reports despite Trans Union's knowledge of the falsity of the disputed items are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

64.     Trans Union's failure to investigate Plaintiff's disputes, to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items from Plaintiff's Trans Union credit reports within a reasonable time following Trans Union's receipt of Plaintiff's disputes are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

65.     Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

66.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67.     Experian's failure to investigate Plaintiff's disputes and to remove and/or amend the

disputed Chase tradelines on Plaintiff's Experian credit reports despite Experian's knowledge of the falsity of the disputed items are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

68.     Experian's failure to investigate Plaintiff's disputes, to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to amend and/or remove the disputed items from Plaintiff's Experian credit reports within a reasonable time following Experian's receipt of Plaintiff's disputes are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

69.     Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Chase

70.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 69 as if fully set forth herein.

71.     Chase's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged past due Chase account, despite Chase's knowledge of the falsity of its reporting, are willful violations of Chase's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

72.     Given Chase's knowledge of the falsity of its reporting, Chase's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Chase is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, for punitive damages, and for Plaintiffs' attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

73.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 72 as if fully set forth herein.

74.     Equifax's failure to investigate Plaintiff's dispute and to remove and/or amend the Chase tradeline on Plaintiff's Equifax credit report despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

75.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove and/or amend the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

76.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

77.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 76 as if fully set forth herein.

78.     Trans Union's failure to investigate Plaintiff's dispute and to remove and/or amend the Chase tradeline on Plaintiff's Trans Union credit report despite Trans Union's knowledge of the falsity of the disputed items are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties

regarding investigation of disputed items under 15 U.S.C. §1681i.

79.     Trans Union's failure to investigate Plaintiff's disputes, to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove and/or amend the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

80.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

81.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 80 as if fully set forth herein.

82.     Experian's failure to investigate Plaintiff's disputes and to remove and/or amend the Chase tradeline on Plaintiff's Experian credit reports despite Experian's knowledge of the falsity of the disputed items are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

83.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove and/or amend the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

84.     Experian's violations of the FCRA amount to willful non-compliance with the

FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Violation of the Truth in Lending Act – Chase

85.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 84 as if fully set forth herein.

86.     Chase's initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged Chase past due account balance is a violation of Chase's duties as a creditor pursuant to the TILA, 15 U.S.C. §1666a.

87.     Chase's violations of the TILA entitles Plaintiff to statutory damages, actual damages and attorneys' fees pursuant to 15 U.S.C. §1640.

WHEREFORE, Plaintiff, Patricia A. Koller, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,


/s/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY  40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

_/s/David_ _____ _W._
_Hemminger_
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
_Counsel for Plaintiff_

16

## VERIFICATION

I, Patricia A. Koller, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

Patricia A. Koller

Patricia A. Koller


COMMONWEALTH OF KENTUCKY        )

                )  SS

COUNTY OF JEFFERSON            )

    Subscribed, sworn to and acknowledged before me by Patricia A. Koller this 4th day of
May , 2017.

                Notary Public
                Commission

expires: 11/12/19